1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FRANK J. WILLIAMS,                          No.  2:13-cv-0417 TLN KJN P

12                    Petitioner,

13        v.                                     ORDER

14   D. PARAMO,

15                    Respondent.

16

17        On January 9, 2014, petitioner filed a document styled, "Motion to Hold Proceedings in

18   Abeyance," under Rhines v. Weber, 544 U.S. 269, 277 (2005).  (ECF No. 19.)  Petitioner

19   contends that all of the claims[1] contained in his federal petition are exhausted, but seeks to stay

20   consideration of such claims so that he may exhaust twelve unidentified claims in state court.

21   Petitioner states that "the claims he seeks to exhaust in state court are not dilatory litigation

22   tactics, but stem from due process violations, and hold merit for examination by the courts.

23   Petitioner was represented by counsel who failed to perform adequate representation as

24   established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984)."  (ECF No.

25   19 at 1.)

26   _____

27   [1]  Petitioner challenges his May 27, 2010 conviction, and raises two claims in his federal petition:
     the trial court failed to *sua sponte* instruct on the lesser-included offense of simple assault, and
     there was insufficient evidence to support the conviction of assault with a deadly weapon.  (ECF
28   No. 5.)

                                              1

1    However, by order filed October 4, 2013, petitioner was informed of the requirements for

2    filing a motion for a stay under Rhines, and advised that if he sought a stay under Rhines, he must

3    address each condition set forth in Rhines.  (ECF No. 17 at 2-3.)

4    Under Rhines, a district court may stay a mixed petition if the following conditions are

5    met:  (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims

6    are potentially meritorious," and (3) "there is no indication that the petitioner engaged in

7    intentionally dilatory litigation tactics."  Id., 544 U.S. at 278.  The Supreme Court has made clear

8    that this option "should be available only in limited circumstances."  Id. at 277.  Moreover, a stay

9    that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed

10   on a petitioner's return to state court.  Id. at 277-78.

11   "Good cause" under Rhines is not clearly defined.  The Supreme Court has explained that

12   in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals

13   of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay

14   and abeyance should be available only in limited circumstances."  Rhines, 544 U.S. at 277.  The

15   Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an

16   "extraordinary circumstances" standard.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).

17   Several district courts have concluded that the standard is more generous than the showing

18   needed for "cause" to excuse a procedural default.  See, e.g., Rhines v. Weber, 408 F. Supp. 2d

19   844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand).  This view finds

20   support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable

21   confusion" about the timeliness of his federal petition would generally constitute good cause for

22   his failure to exhaust state remedies before filing his federal petition.  Pace v. DiGuglielmo, 544

23   U.S. 408, 416-17 (2005).  However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the

24   Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the

25   impression" that his counsel had raised all claims before the state court of appeal.  Id., at 1024.

26   The Ninth Circuit explained that finding good cause in that argument "would render stay-and-

27   abey orders routine" and "would run afoul of Rhines and its instruction that district courts should

28   only stay mixed petitions in 'limited circumstances.'"  Wooten, 540 F.3d at 1024.

2

1    More recently, in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 1315 (2012), the Supreme Court

2    held that ineffective assistance of post-conviction counsel may constitute cause for overcoming

3    procedural default.  <u>Id.</u>  Numerous courts have drawn an analogy between "good cause" for

4    failure to exhaust and the showing required to overcome a procedural bar.  <u>See, e.g.</u>, <u>Hernandez v.</u>

5    <u>Sullivan</u>, 397 F.Supp.2d 1205,1207 (C.D. Cal. 2005); <u>Bader v. Warden</u>, 2005 WL 1528761 at *7

6    (D.N.H.2005) (unpublished memorandum).  Under the procedural default doctrine, the "cause"

7    standard requires a petitioner to show that some objective factor external to the defense impeded

8    counsel's efforts to raise the claim in state court.  <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).

9    Other district courts have found the "good cause" requirement for a stay to be less

10   stringent than that required in the procedural default context.  <u>See, e.g.</u>, <u>Corjasso v. Ayers</u>, 2006

11   WL 618380 at *1 (E.D. Cal. 2006) (comparing good cause standard to that of excusable neglect);

12   <u>Hoyos v. Cullen</u>, 2011 WL 11425 (S.D. Cal. Jan. 4, 2011) (same).

13   Here, petitioner has inadequately addressed the conditions required under <u>Rhines</u>.

14   First, the court cannot determine whether the proposed unexhausted claims have merit

15   because petitioner failed to set forth the twelve claims he proposes to now exhaust.  Petitioner

16   alleges that the proposed claims are not barred by state law, and that state review of such claims

17   would "make moot any further action by the federal courts."  (ECF No. 19 at 4.)  However,

18   petitioner fails to provide facts demonstrating that the proposed claims have merit; thus, petitioner

19   fails to meet the second condition of <u>Rhines</u>.

20   Second, although petitioner alleges that these unidentified claims "are not dilatory

21   litigation tactics," petitioner does not expressly articulate why he earlier failed to raise the claims

22   in state court, and alleges no facts showing his diligence in exhausting such claims.  Petitioner

23   fails to describe the alleged "due process violations" that he argues do not constitute dilatory

24   litigation tactics.  Thus, petitioner does not meet the third <u>Rhines</u> condition.

25   Finally, petitioner fails to demonstrate good cause.  Petitioner claims he was represented

26   by counsel who allegedly failed to perform adequate representation, and states counsel failed to

27   address the twelve issues in state court before the state court heard the issues raised in the federal

28   petition.  However, although petitioner was represented by counsel on appeal, petitioner claims in

3

1   his verified petition that he was not represented by counsel in post-conviction challenges. (ECF

2   No. 5 at 10.) Thus, petitioner fails to establish how counsel's failure to raise these claims on

3   appeal prevented petitioner from raising them in collateral challenges in state court.

4           Petitioner also claims he is a layman at law and had no understanding of the law until

5   informed by a fellow prisoner, but states the "ongoing conflict with both trial and appellate

6   counsel is apparent in the record." (ECF No. 19 at 4.) However, lack of legal knowledge does

7   not constitute "good cause" because lack of legal knowledge is a routine characteristic and

8   circumstance suffered by prisoners. Such argument is insufficient to show good cause as it would

9   run contrary to Rhines' instruction that stays should be granted only in limited circumstances.

10  See Wooten, 540 F.3d at 1024; Daly v. McEwen, 2011 WL 4964449, at *4 (C.D. Cal. Oct.19,

11  2011) (holding that petitioner failed to show good cause to warrant a Rhines stay in arguing that

12  he was ignorant of the law and required the assistance of more knowledgeable prisoners);

13  Holloway v. Curry, 2010 WL 2985078, at *3-4 (E.D. Cal. July 27, 2010) (concluding that

14  petitioner's argument that he is a layman and was unaware of the exhaustion requirement is

15  insufficient to show good cause to warrant a Rhines stay), report and recommendation adopted

16  by, 2010 WL 3703836 (Sept. 17, 2010); Hamilton v. Clark, 2010 WL 530111, at *2 (E.D. Cal.

17  Feb. 9, 2010) (holding that petitioner's lack of understanding of the exhaustion requirement and

18  limited access to the prison law library were insufficient to show good cause for a failure to

19  exhaust). For all of these reasons, petitioner fails to demonstrate good cause under Rhines.

20          Because petitioner has not made the showing required to obtain a stay under Rhines,

21  petitioner's motion for stay and abeyance is denied without prejudice. In an abundance of

22  caution, petitioner is granted thirty days in which to file an amended motion for stay under

23  Rhines. Petitioner must identify the twelve claims he seeks to exhaust. Also, petitioner is

24  cautioned that he must provide factual support to address each condition required under Rhines.

25          However, inasmuch as petitioner has filed his reply to the answer, petitioner is not

26  required to renew his motion for stay. If petitioner does not file an amended motion for stay, the

27  petition for writ of habeas corpus will stand submitted once the thirty day period has expired.

28  ////

4

1    Accordingly, IT IS HEREBY ORDERED that:

2    1. Petitioner's motion for stay and abeyance (ECF No. 19) is denied without prejudice;

3    and

4    2. Petitioner's amended motion for stay under Rhines, if any, shall be filed within thirty

5    days from the date of this order.

6    Dated:  February 5, 2014

7

8    /will0417.mts

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5