UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK JAMES WILLIAMS, JR., | No. 2:13-cv-0417 TLN KJN P |
| Petitioner, | |
| v. | ORDER |
| DANIEL PARAMO, Warden, | |
| Respondent. | |

I. Introduction

Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 2, 2014, petitioner filed a document styled, "Motion to Hold Proceedings in Abeyance for Continuous Post Conviction Claims to be Filed with the California State Appellate Courts." (ECF No. 29.)

II. Background

This action is proceeding on the amended petition filed June 20, 2013, in which petitioner raised two exhausted claims. On August 9, 2013, respondent filed an answer. (ECF No. 12.) On September 13, 2013, petitioner filed a motion for extension of time to file an amended petition and to seek a stay of this action. (ECF No. 16.) On October 4, 2013, petitioner was granted

1

1  ninety days to file a motion to amend, accompanied by his proposed amended petition, and a
2  motion to stay.  (ECF No. 17.)  Petitioner was informed about the two different stay procedures,
3  and the detailed requirements petitioner must meet in order to obtain such stays.  (ECF No. 17 at
4  2-3, citing Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small,
5  315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action
6  as to exhausted claims subject to potential later amendment of petition).)

7         On January 9, 2014, petitioner filed a traverse.  (ECF No. 18.)  On the same day,
8  petitioner filed a motion to hold these proceedings in abeyance under Rhines.  (ECF No. 19.)
9  Respondent filed no opposition.

10        By order filed February 5, 2014, petitioner's motion for a stay under Rhines was denied
11 without prejudice based on petitioner's failure to address the elements required under Rhines.
12 (ECF No. 20.)  Petitioner was given the option to proceed on the submitted habeas petition, but
13 was also granted an additional thirty days to file an amended motion for stay under Rhines.  (ECF
14 No. 20 at 4-5.)

15        Subsequently, petitioner was granted three additional extensions of time, based, in part, on
16 his need for serious medical treatment.  (ECF Nos. 22, 24, 26.)  On September 2, 2014, petitioner
17 filed his response to the October 4, 2013 order.  However, petitioner did not file the documents
18 required by the court's order.  Moreover, petitioner did not identify the type of stay sought, and
19 he failed to address the elements of Rhines or Kelly.  Rather, petitioner provided a list of eight
20 claims he seeks to exhaust in state court.

21 III.  Motion to Stay
22     A.  Stay and Abeyance Procedures

23       In this court's prior orders, petitioner was informed as to the two procedures available to
24 federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.
25 (ECF Nos. 17, 20.)  Under the Rhines procedure, a district court may stay a petitioner's "mixed
26 petition" (containing both exhausted and unexhausted claims), while petitioner returns to state
27 court to exhaust his unexhausted claims.  Id. at 277-78; see also King, 564 F.3d at 1140.  A stay
28 under Rhines is appropriate only when petitioner has demonstrated good cause for failing to

previously exhaust his claims in state court, and is not available if the unexhausted claims are "plainly meritless," or petitioner has engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277-78.

The Kelly procedure has been described by the Ninth Circuit Court of Appeals to involve the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009), citing Kelly, 315 F.3d at 1070-71.

Importantly, "the Kelly procedure . . . is not premised upon a showing of good cause." King, 564 F.3d at 1140. However, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely" under AEDPA's statute of limitations.[1] King, 564 at 1140-41. Thus, the Kelly procedure, in contrast to the Rhines procedure, does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred in federal court. King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll AEDPA's statute of limitations). "[T]he Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

If a newly exhausted claim is time-barred, it may be added in an amended petition only if it "relates back" to petitioner's original exhausted claims. However, a new claim does not "relate back" to the original petition simply because it arises from "the same trial, conviction, or

---

[1] AEDPA's limitation period is calculated from the "latest" of four commencement dates. See 28 U.S.C. § 2244(d)(1)(A) (date on which the judgment became final); § 2244(d)(1)(B) (date on which the illegal state-action impediment to filing was removed); § 2244(d)(1)(C) (date on which the asserted constitutional right was initially recognized by the U.S. Supreme Court and made retroactive to cases on collateral review); and § 2244(d)(1)(D) (date on which the factual predicate of the claim could have been discovered through due diligence).

sentence." Mayle v. Felix, 545 U.S. 644, 662-64 (2005).  Rather, the new claim must be of the same "time and type" as the original exhausted claims, and share a "common core of operative facts" with those claims.  Id. at 659.

The decisions in both Kelly and Rhines "are directed at solving the same problem -- namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)."  King, 564 F.3d at 1136.

B.  Comparison of Claims

In the petition, petitioner raises the following claims:  (1) the trial court erred when it failed to instruct the jury, *sua sponte*, on the lesser included offense of simple assault; and (2) there was insufficient evidence that he hit the victim with a belt in a manner that was likely to produce significant or substantial injury.  (ECF No. 5 at 4-5.)  Both of these claims were raised on direct appeal, in the Court of Appeal, and the California Supreme Court, and were denied on the merits.

In his separately filed motion to hold these proceedings in abeyance, petitioner lists his unexhausted claims:  (1) ineffective assistance of counsel based on defense counsel's failure to hire a forensic physician to rebut the victim's testimony concerning how the injuries occurred; (2) ineffective assistance of counsel due to defense counsel's failure to inform petitioner that it was his constitutional right to decide whether the jury or the trial judge determined the truth of petitioner's prior conviction; (3) the trial court erred by not informing petitioner that if he chose to have the jury decide the truth of his prior conviction, the standard of proof would be beyond a reasonable doubt, which petitioner contends would make it more difficult for the prosecution to prove; (4) the trial court erred by allowing the prosecution to amend the complaint after the trial court discharged the jury; (5) petitioner contends that defense counsel abandoned representation of petitioner by telling the jury, at close of testimony and during closing argument, that counsel considered petitioner guilty on count 3, and by failing to present important evidence to the jury; (6) ineffective assistance of counsel based on defense counsel's alleged misstatements during the Marsden hearing and counsel's concession to the jury that petitioner was guilty of count 3 denied petitioner his right to trial by jury; (7) insufficient evidence to support petitioner's conviction for

1  assault with a deadly weapon; and (8) the prosecution misstated the evidence during closing

2  arguments.  (ECF No. 29 at 4-12.)

         C.  Discussion

        As set forth above, in the instant motion, petitioner failed to identify the type of stay he seeks.  The two claims raised in the operative petition are exhausted, and petitioner did not file an amended petition including unexhausted claims.  Moreover, petitioner failed to address the elements of Rhines, and failed to demonstrate good cause for his failure to earlier exhaust the proposed new claims contained in the instant motion.  Because the instant petition is not a "mixed petition," and petitioner failed to demonstrate good cause, Rhines is not applicable.  King v. Ryan, 564 F.3d 1133, 1140, 1143 (9th Cir. 2009) ("Instead, a petitioner may invoke Kelly's three-step procedure subject only to the requirement that the amendment of any newly exhausted claims back into the petition must satisfy Mayle.").

        The district court has discretion to implement stay-and-abeyance under Kelly where the standard for a Rhines stay is not met, and outright dismissal could render it unlikely or impossible for petitioner to return to court within the limitations period.  King, 564 F.3d at 1143.  Under Kelly, 315 F.3d at 1063, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims.  King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71).  The instant amended petition, asserting only exhausted claims, satisfies the first step under Kelly.  As set forth above, the court is not required to find good cause to proceed to the second step of Kelly, by granting petitioner's motion for stay and hold this amended petition in abeyance while petitioner exhausts his new claims in the state courts.

        However, petitioner is cautioned that "technical exhaustion" in the state courts does not guarantee federal review at the third step of the Kelly procedure.  See Mayle, 545 U.S. at 659 (newly exhausted claim that is untimely under AEDPA may be added only if it "relates back" to the original exhausted claims); Duncan, 533 U.S. at 172-75 (AEDPA's statute of limitations is not tolled by the filing of federal habeas petition); King, 564 F.3d at 1140-41 (a newly exhausted claim may be added to a stayed federal petition if timely under ADEPA); see also Murray v.

5

Schriro, 745 F.3d 984, 1015 (9th Cir. 2014) (a federal court is without jurisdiction to consider federal claims found by state courts to be procedurally barred).[2]

Therefore, while the court will grant petitioner's motion to "stay and abey" this action, it does not at that time reach the question of whether any of the new claims petitioner intends to exhaust may later be presented in this federal habeas action by way of amendment. The court will address that question when, and if, petitioner seeks leave to present his newly exhausted claims to this court in a further amended federal petition pursuant to the third step of the procedure authorized by the Ninth Circuit in Kelly.

For these reasons, the court will grant petitioner's motion to "stay and abey" this federal habeas action pending petitioner's exhaustion of state court remedies on his unexhausted claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to "stay and abey" this action (ECF No. 29) is partially granted.

2. This action is stayed pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), pending exhaustion of state court remedies on petitioner's unexhausted claims.

3. Petitioner is directed to file in this court, every ninety (90) days commencing with the filing date of this order, a status report that details petitioner's progress in exhausting his unexhausted claims in the state courts.

4. Petitioner is directed to file in this court, within thirty (30) days after the California Supreme Court issues a final order resolving petitioner's unexhausted claims, a motion

---

[2] As a general rule, any claim found by the state courts to be procedurally defaulted will not be considered in this court:

> The doctrine of procedural default provides that "a federal court will not review the merits of claims, including constitutional claims, which a state court declined to hear because the prisoner failed to abide by a state procedural rule." Martinez v. Ryan, _U.S._,_, 132 S. Ct. 1309, 1316 (2012). This doctrine is grounded in federalism, because federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 726-29 (1991).

Murray, 745 F.3d at 1015.

6

requesting that the instant stay be lifted, and that leave be granted to file a Second Amended Petition for Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254; petitioner shall include his proposed Second Amended Petition.

    5. The Clerk of Court is directed to administratively close this case until further order of this court.

Dated:  November 17, 2014

/will04171.stay

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7